# SEALED

ANDRÈ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Chief, Criminal Division
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section
KATHRYN C. NEWMAN
Assistant United States Attorney
1300 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-2400
Facsimile: (213) 894-0141

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
## -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL INDICTMENT |
| PLAINTIFF, | 2:12-cr-301 |
| vs. | VIOLATIONS: |
| STEVEN M. UNDERHILL, | 18 U.S.C. § 1001 - False Statement |
| DEFENDANT. | 18 U.S.C. §1512(b) - Witness Tampering |

**THE GRAND JURY CHARGES THAT:**

At all times material to this indictment:

### Introduction

1. Defendant Steven M. Underhill ("Underhill") was employed by the General Services Administration (GSA), an agency of the United States.

2. GSA is responsible for managing federal properties, which includes hiring and supervising contractors to clean and maintain federal properties.

3. Defendant Underhill held the position of GSA Assistant Property Manager in which he supervised and oversaw the physical operations of two federal properties in Las Vegas, Nevada - the Lloyd D. George United States Courthouse and the Alan Bible Federal Building. Defendant Underhill was responsible for rating the cleaning and maintenance services provided by the contractor for these buildings. The ratings could affect the contractor's ability to obtain new contracts to clean the buildings.

4. From in or about 2007 to in or about 2011, defendant Underhill gave the contractor unsatisfactory ratings.

5. In or about 2009, the contractor submitted a bid to obtain a new contract to clean and maintain these buildings, but was not awarded the contract.

6. In or about 2010, the Office of Inspector General for GSA received a complaint that defendant Underhill had a personal relationship with one of the contractor's employees and that after the employee ended the relationship, he retaliated against the company by giving it unsatisfactory ratings.

7. In or about 2010, the contractor filed a complaint with the Office of Inspector General for GSA alleging that defendant Underhill had given the contractor unsatisfactory ratings because defendant Underhill had a personal relationship with one of the contractor's employees, was upset that the employee had ended the relationship and moved out of Las Vegas, and was attempting to pressure the employee to return to Las Vegas and work again with defendant Underhill.

8. On or about April 7, 2011, and May 26, 2011, Special Agents with GSA's Office of Inspector General interviewed defendant Underhill about his relationship with the employee.

**Counts One and Two**
(False Statement)

9. The allegations set forth in paragraphs one through eight of this indictment

are incorporated herein as if set forth in full.

10. On or about the dates set forth below, in the State and Federal District of Nevada,

**Steven M. Underhill,**

defendant herein, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of an agency of the United States, that is, defendant Underhill made the following false statement and representation to Special Agents of the Office of Inspector General, General Services Administration, which he then and there well knew to be false, fictitious, and fraudulent, with the statements and representations made on April 7, 2011, constituting one violation of Title 18, United States Code, Section 1001, and the statements made on May 26, 2011, constituting another violation of Title 18, United States Code, Section 1001.

| COUNT | DATE | STATEMENTS |
|---|---|---|
| 1 | April 7, 2011 | 1. He never had a relationship with the employee and never lived with the employee.<br><br>2. He had rented the employee's home after the employee moved out of Las Vegas, Nevada. |
| 2 | May 26, 2011 | 1. He never had a relationship with the employee and never lived with the employee.<br><br>2. He had rented the employee's home after the employee moved out of Las Vegas, Nevada.<br><br>3. The employee was mistaken when she informed the agents that she and the defendant had lived together. |

### Count Three
(Witness Tampering)

11. The allegations set forth in paragraphs one through eight of this indictment are incorporated herein as if set forth in full.

3

12. From on or about May 6, 2011, to on or about January 10, 2012, in the State and Federal District of Nevada,

**Steven M. Underhill,**

defendant herein, did knowingly attempt to intimidate, threaten, and corruptly persuade a witness in a federal investigation, "L.V.", by means of sending harassing, threatening, intimidating and coercive text messages with the intent to hinder, delay, and prevent the communication to Special Agents of the Office of Inspector General, General Services Administration, law enforcement officers, information relating to the commission of a Federal offense, specifically a violation of Title 18, United States Code, Section 1001, False Statements, in violation of Title 18, United States Code, Section 1512(b)(3).

**DATED:** this ___15th___ day of August, 2012.

**A TRUE BILL:**

                                                    /S/
                                      FOREPERSON OF THE GRAND JURY

ANDRÈ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section

KATHRYN C. NEWMAN
Assistant United States Attorney

5