1

1                    UNITED STATES DISTRICT COURT

2                        DISTRICT OF NEVADA

3    THE HONORABLE ANDREW P. GORDON, U.S. DISTRICT JUDGE PRESIDING

4

5   UNITED STATES OF AMERICA,      )
                                   )
6                Plaintiff,        )
                                   )  CASE NO.:
7        vs.                       )  2:12-cr-301-APG-CWH
                                   )
8   STEVEN M. UNDERHILL,           )
                                   )
9                Defendant,        )
    _____)  C E R T I F I E D   C O P Y
10

11

12          REPORTER'S TRANSCRIPT OF CHANGE OF PLEA HEARING

13                     Friday, June 14, 2013

14

15   APPEARANCES:

16   FOR THE PLAINTIFF:          UNITED STATES ATTORNEY
                                 BY:  KATHRYN C. NEWMAN
17                               333 South Las Vegas Boulevard
                                 Suite 5000
18                               Las Vegas, NV  89101
                                 (702) 388-6583
19
     FOR THE DEFENDANT:          FEDERAL PUBLIC DEFENDER
20                               BY:  WILLIAM C. CARRICO
                                 411 East Bonneville, Suite 250
21                               Las Vegas, NV  89101
                                 (702) 388-6577
22

23

24

25                               HEATHER K. NEWMAN, CCR 774
                                 Official Federal Reporter

2

1          LAS VEGAS, NEVADA; FRIDAY, JUNE 14, 2013; AT 11:05 A.M.

2                              -oOo-

3                    P R O C E E D I N G S

4

5          THE CLERK:  All rise.

6          THE COURT:  Thank you.  Good morning.  Please be

7    seated.

8          THE CLERK:  United States of America vs. Steven M.

9    Underhill, 2:12-cr-301-APG-CWH.  This is the time set for

10   change of plea in this matter.

11         Counsel, please note your appearances for the record.

12         MS. NEWMAN: Good morning, Your Honor.  Kathryn Newman

13   on behalf of the United States.  I have with me at counsel

14   table Special Agent Lisa DeMaria of GSA-OIG.

15         THE COURT:  Good morning to both of you.

16         MR. CARRICO:  Good morning, Your Honor.

17   William Carrico representing Steven Underhill.  He is seated

18   just to my right.

19         THE COURT:  Good morning, Mr. Carrico.

20         Good morning, Mr. Underhill.

21         I understand the defendant has entered into a

22   non-binding Plea Agreement and intends to plead guilty to three

23   counts in the Indictment charging defendant with two counts of

24   making False Statements and one count of Witness Tampering.

25   Whether I accept that guilty plea will depend on the outcome of

3

1    this hearing.  I've got some questions I want to ask you,

2    Mr. Underhill, so I'll ask you to stand and be sworn in.

3              THE CLERK:  Please raise your right hand.

4              Do you solemnly swear that the testimony you shall

5    give in the cause now pending before this Court shall be the

6    truth, the whole truth, and nothing but the truth, so help you

7    God?

8              THE DEFENDANT:  Yes.

9              THE CLERK:  Thank you.

10             THE COURT:  You can be seated.  Just make sure we get

11   your voice on the microphone there so our court reporter can

12   pick it up.

13             THE DEFENDANT:  Okay.

14             THE COURT:  Mr. Underhill, I want to ask you some

15   questions regarding your Plea Agreement.  I want to make sure

16   that, a), you're competent to enter into this agreement -- not

17   to suggest that you're not or not to disparage you in any way,

18   it's just a legal technicality -- I want to make sure that

19   you're competent and able to enter into this, and I also want

20   to make sure that the Plea Agreement that you're entering into

21   is a knowing and voluntary Plea Agreement.

22             If you at any time don't understand any of the

23   questions I ask you or if you want to confer with your counsel,

24   just say so and you'll have the opportunity to do so away from

25   the microphones and we won't pick you up in that regard.

Friday, June 14, 2013 - 2:12-cr-301-APG-CWH

4

1          At the same time, if you don't understand any

2   question, or need me to clarify or rephrase it or, sometimes I

3   have a tendency to speak real fast, just tell me and I'll slow

4   down and see if we can get us back oriented.

5          Do you understand that you just took an oath to tell

6   the truth?

7          THE DEFENDANT:  Yes.

8          THE COURT:  And do you understand that if you answer

9   any of my questions falsely or don't provide truthful answers

10  to my questions, that you could be prosecuted later for perjury

11  or, again, making False Statements?  Do you understand that?

12         THE DEFENDANT:  Yes, sir.

13         THE COURT:  How old are you?

14         THE DEFENDANT:  57.

15         THE COURT:  And how far did you go in school?

16         THE DEFENDANT:  12th grade.

17         THE COURT:  My understanding is that you've had

18  several years worth of work experience in the business world

19  doing property management and things like that?

20         THE DEFENDANT:  Yes.  I've been to a lot of

21  vocational schools and hands-on schools for, like, AC equipment

22  repair and stuff like that.

23         THE COURT:  Okay.  And then with regard to employment

24  you've had, you've held a number of positions in property

25  management and things like that?

Friday, June 14, 2013 - 2:12-cr-301-APG-CWH

5

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  You've worked with contracts and legal

3    agreements?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  Okay.  I presume, but I'll ask just to

6    make sure, do you have any problems speaking, understanding,

7    reading or writing the English language?

8          THE DEFENDANT:  No, sir.

9          THE COURT:  Have you taken any drugs, any medicine,

10   any pills of any kind in the last 24 hours?

11         THE DEFENDANT:  No, sir.

12         THE COURT:  Have you had any alcohol in the last 24

13   hours?

14         THE DEFENDANT:  No, sir.

15         THE COURT:  Have you been treated recently for any

16   mental illness, any drug or alcohol addiction?

17         THE DEFENDANT:  No, sir.

18         THE COURT:  I'll ask counsel for the Government and

19   counsel for defense, do either of you have any doubt as to the

20   defendant's capacity to enter into a guilty plea today?

21         MS. NEWMAN:  No, Your Honor.

22         MR. CARRICO:  I do not, Your Honor.

23         THE COURT:  Thank you.

24         Based upon counsel's representations and the

25   defendant's answers to my questions and my observations of his

Friday, June 14, 2013 - 2:12-cr-301-APG-CWH

6

1   demeanor here in court, I find that the defendant is competent

2   to enter into a plea in this matter.

3            Mr. Underhill, have you had sufficient time to

4   consult with your attorney to be fully prepared to enter a

5   guilty plea today?

6            THE DEFENDANT:  Yes, sir.

7            THE COURT:  Has your attorney fully informed you

8   about the charges against you?

9            THE DEFENDANT:  Yes, sir.

10            THE COURT:  Has he fully informed you about your

11   Plea Agreement and the consequences of your proposed guilty

12   plea?

13            THE DEFENDANT:  Yes, sir.

14            THE COURT:  Has he, your attorney, been able to

15   answer all of the questions you've had for him?

16            THE DEFENDANT:  Yes, sir.

17            THE COURT:  Are you fully satisfied with your

18   attorney's representation of you in this matter?

19            THE DEFENDANT:  Yes, sir.

20            THE COURT:  Mr. Carrico, have you provided your

21   client a copy of the Indictment?

22            MR. CARRICO:  I have, Your Honor.

23            THE COURT:  And Mr. Underhill, just to confirm for

24   the record, have you been furnished with a copy of the

25   Indictment?

Friday, June 14, 2013 - 2:12-cr-301-APG-CWH

7

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  And have you read the Indictment?

3          THE DEFENDANT:  Yes, sir.

4          THE COURT:  Were you able to consult with your

5     counsel about the Indictment?

6          THE DEFENDANT:  Yes, sir.

7          THE COURT:  Mr. Carrico, does your client waive

8     reading of the Indictment?

9          MR. CARRICO:  It is so waived, yes, Your Honor.

10          THE COURT:  Thank you.

11          Mr. Underhill, in the Indictment you're charged with

12     two counts of making False Statements and one count of Witness

13     Tampering.  In summary, the Indictment alleges that on two

14     occasions you knowingly and willfully made material false

15     statements to special agents of the Office of Inspector General

16     of the GSA.  The Indictment also alleges you knowingly

17     attempted to intimidate, threaten and corruptly persuade a

18     witness in a federal investigation with the intent to hinder,

19     delay and prevent the communication of information relating to

20     a federal offense.

21          And you've agreed to plead guilty to all three of

22     these charges.

23          THE DEFENDANT:  Yes, sir.

24          THE COURT:  Those charges have certain essential

25     elements that the Government has to prove.

Friday, June 14, 2013 - 2:12-cr-301-APG-CWH

8

1       With regard to the first two counts, that is the

2  elements of False Statement, the elements are:  That the

3  defendant made a False Statement in a matter within the

4  jurisdiction of an agency or department of the United States;

5  that the defendant acted willfully, that is, deliberately and

6  with knowledge that the statement was untrue; and, that the

7  statement was material to the activities or decisions of the

8  agency or department, that is, it had a natural tendency to

9  influence, or was capable of influencing, the agency's

10  decisions or activities.

11       With regard to the charge of Witness Tampering, the

12  elements of that offense are that the defendant threatened or

13  attempted to corruptly persuade a person; that the defendant

14  was motivated by a desire to prevent the communication between

15  that person and law enforcement authorities concerning the

16  commission or possible commission of an offense; the offense

17  was actually a federal offense; and the defendant believed that

18  the person he was attempting to corruptly persuade might

19  communicate with federal authorities.

20       Mr. Underhill, do you understand that if you went to

21  trial, the Government would have to prove beyond a reasonable

22  doubt each one of those essential elements before you could be

23  convicted for those offenses?

24       THE DEFENDANT:  Yes, sir.

25       THE COURT:  And do you understand that by entering

Friday, June 14, 2013 - 2:12-cr-301-APG-CWH

9

1   into a guilty plea to these charges that you will be admitting

2   that each one of the essential elements is true as they apply

3   to you?

4           THE DEFENDANT:  Yes, sir.

5           THE COURT:  Mr. Carrico, have you explained the

6   essential elements to your client?

7           MR. CARRICO:  I have.

8           THE COURT:  Are you fully satisfied that he

9   understands them?

10           MR. CARRICO:  I am completely satisfied, Your Honor.

11           THE COURT:  Thank you.

12           Mr. Underhill, I want to make sure you understand the

13   rights that you're giving up by pleading guilty, particularly

14   with regard to the Jury Trial.

15           And do you understand that you are entitled to plead

16   not guilty and to have a speedy and a public Jury Trial in this

17   courthouse?

18           THE DEFENDANT:  Yes, sir.

19           THE COURT:  And do you understand that at trial, you

20   would have the right to the assistance of your attorney at the

21   trial and at all stages of the proceedings against you?

22           THE DEFENDANT:  Yes, sir.

23           THE COURT:  And do you understand that at trial, you

24   would be presumed innocent and before you could be convicted,

25   the Government would have to overcome that presumption of

Friday, June 14, 2013 - 2:12-cr-301-APG-CWH

10

1    innocence and prove to the jury that you're guilty beyond a

2    reasonable doubt?

3              Do you understand you have those rights?

4              THE DEFENDANT:  Yes, sir.

5              THE COURT:  And do you understand that in order for

6    you to be convicted at trial, all of the jurors would have to

7    agree that you're guilty beyond a reasonable doubt?

8              THE DEFENDANT:  Yes, sir.

9              THE COURT:  And do you understand that at trial, the

10   witnesses for the Government would have to come to court and

11   testify in your presence, and your attorney could cross-examine

12   those witnesses and could object to any evidence he found

13   objectionable?

14             THE DEFENDANT:  Yes, sir.

15             THE COURT:  And do you understand that your attorney

16   would, at trial, have the right to offer evidence on your

17   behalf, and that would include the right to subpoena and call

18   witnesses to come in and testify in your behalf?

19             THE DEFENDANT:  Yes, sir.

20             THE COURT:  And do you understand that at trial, you

21   would have the right to testify if you chose to do so.  You

22   also would have the right to remain silent and not offer any

23   evidence if you chose to do so?

24             THE DEFENDANT:  Yes, sir.

25             THE COURT:  And do you understand that if you decided

Friday, June 14, 2013 - 2:12-cr-301-APG-CWH

11

1    not to testify and decided not to put on any evidence, that

2    those facts could not be used against you at trial?

3              THE DEFENDANT:  Yes, sir.

4              THE COURT:  And do you understand that if you were

5    tried by a jury and found guilty, you would have the right to

6    appeal that verdict to a higher court?

7              THE DEFENDANT:  Yes, sir.

8              THE COURT:  And do you fully understand that if you

9    plead guilty and the Court accepts your guilty plea, that

10   you'll be waiving all of these Jury Trial rights and appeal

11   rights that we've just discussed?

12             THE DEFENDANT:  Yes, sir.

13             THE COURT:  Do you understand that if you plead

14   guilty to these three charges and the Court accepts your guilty

15   pleas, that you can be sentenced to prison for up to 5 years

16   for each of Counts One and Two and up to 20 years in prison for

17   Count Three?

18             THE DEFENDANT:  Yes, sir.

19             THE COURT:  And do you understand that a federal

20   prison sentence cannot be shortened by parole?

21             THE DEFENDANT:  Yes, sir.

22             THE COURT:  And do you understand that in addition to

23   giving you a prison sentence, the Court can impose a fine upon

24   you of up to $250,000 for each count?

25             THE DEFENDANT:  Yes, sir.

Friday, June 14, 2013 - 2:12-cr-301-APG-CWH

12

1              THE COURT:  And do you understand that after

2      completing your term in prison, you may be required to serve a

3      term of supervised release of up to 3 years?

4              THE DEFENDANT:  Yes, sir.

5              THE COURT:  And do you understand that there would be

6      terms and conditions attached to that supervised release and

7      that if you violated any of those terms and conditions, your

8      release could be revoked?

9              THE DEFENDANT:  Yes, sir.

10             THE COURT:  And do you understand if your release is

11     revoked, you may be sent back to prison, incarcerated again,

12     and the term of that incarceration may actually be longer than

13     the term of imprisonment for the underlying offense?

14             THE DEFENDANT:  Yes, sir.

15             THE COURT:  And do you understand that you may not

16     get credit for good time served while on supervised release?

17             THE DEFENDANT:  Yes, sir.

18             THE COURT:  And do you also understand that a special

19     assessment of $300, that is $100 per count, would have to be

20     applied?

21             THE DEFENDANT:  Yes, sir.

22             THE COURT:  I presume you're a United States citizen

23     but in the event you're not, if you are not a United States

24     citizen, do you understand that you may be deported upon

25     completion of your prison sentence and that you will not be

1  able to return to the United States?

2          THE DEFENDANT:  Yes, sir.

3          THE COURT:  And do you understand that you may be

4  required to surrender assets you obtained, directly or

5  indirectly, as a result of the offenses for which you're

6  pleading guilty?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  And do you understand that in your

9  Plea Agreement you also agreed to make full restitution in an

10 amount to be determined by the Court?

11         THE DEFENDANT:  Yes, sir.

12         THE COURT:  And do you understand that the Court will

13 require you to provide accurate and complete financial

14 information?

15         THE DEFENDANT:  Yes, sir.

16         THE COURT:  Let me just check with counsel.  I saw a

17 provision in the Plea Agreement regarding surrendering of

18 assets but not a separate forfeiture provision, per se.  Is

19 there any forfeiture allegation or request?

20         MS. NEWMAN:  There are not.

21         MR. CARRICO:  There are none.

22         THE COURT:  Okay.  Thank you.

23         Mr. Underhill, with regard to the Plea Agreement you

24 signed, did you have an opportunity to read and fully discuss

25 that agreement with your attorney before you signed it?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  And did your attorney fully explain the

3   Plea Agreement to you?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  I want you to pay very close attention

6   and I'm going to ask the assistant United States attorney to

7   give us a summary of the terms of the Plea Agreement.  And when

8   she's done, I'm going to ask you and your counsel if her

9   summary of that agreement is a hundred percent accurate with

10  your understanding of the Plea Agreement.

11         THE DEFENDANT:  Yes, sir.

12         THE COURT:  Okay?

13         All right.

14         MS. NEWMAN:  Thank you, Your Honor.

15         The -- as you mentioned earlier, the plea is

16  non-binding on this Court.

17         The defendant agreed to plead guilty to three counts

18  as set forth in the Indictment.

19         THE COURT:  My recollection is those are the only

20  three counts in the Indictment.

21         MS. NEWMAN:  The only three counts, yes, Your Honor.

22         The parties have calculated the guidelines as

23  follows:

24         The base offense is a 14.  There is an additional one

25  level for grouping and a reduction -- a three-level reduction

Friday, June 14, 2013 - 2:12-cr-301-APG-CWH

15

1    for an Adjusted Offense Level of 12.

2            The -- there is a reduction for the offense level --

3    reduction of offense level for acceptance of responsibility and

4    the Government will recommend that he receive a two-level

5    downward adjustment for acceptance of responsibility unless he

6    fails to truthfully admit facts establishing a factual basis

7    for the guilty plea when he enters the plea; fails to

8    truthfully admit facts establishing the amount of restitution

9    owed when he enters his guilty plea -- here, I believe there is

10   no restitution sought -- he fails to truthfully admit facts

11   establishing the forfeiture allegations when he enters the

12   guilty plea; provides false or misleading information to the

13   United States, the Court, Pretrial Services or the Probation

14   Office; denies involvement in the offense; or provides

15   conflicting statements regarding his involvement; or falsely

16   denies or frivolously contests conduct relevant to the offense;

17   attempts to withdraw his guilty plea; commits or attempts to

18   commit any crime; fails to appear in court; or violates the

19   conditions of pretrial release.

20           In addition, the United States will move for an

21   additional one level of downward adjustment for acceptance of

22   responsibility before sentencing because he's communicated his

23   decision to plead guilty in a timely manner.

24           Slow down?  Thanks.

25           THE COURT:  Just a little, so we catch up with our

Friday, June 14, 2013 - 2:12-cr-301-APG-CWH

16

1    reporter.  Thank you.

2              MS. NEWMAN:  All right.

3              The criminal history will be determined by the Court

4    based in part on the Pre-Sentence Report.

5              The United States will recommend that the Court

6    sentence the defendant to a 5-year term of probation with a

7    special condition that he have no contact with the victim or

8    her family, unless the defendant commits any act which could

9    result in the loss of a downward adjustment for acceptance of

10   responsibility.

11             The defendant may argue that the Court should

12   sentence the defendant to a shorter term of probation under

13   18 U S.C. 3553.

14             The parties have come to no agreement regarding fine.

15   And the parties are free to argue their position at sentencing.

16             I stand corrected.  There is a restitution provision

17   within the Plea Agreement.  In exchange for the benefits

18   received under the Plea Agreement, he agrees to make full

19   restitution in an amount to be determined by the Court.

20             And finally, there's a waiver of appeal and

21   post-conviction proceedings found on Page 11.  I will not read

22   it in full but I will mention it.

23             And, Your Honor, I believe those are all the relevant

24   portions of the Plea Agreement.  Are there any other areas

25   you'd like me to cover?

1          THE COURT:  Let me ask you a question with regard to

2     Page 6 of the Plea Agreement, the offense level calculations.

3     I'm not seeing a calculation with regard to the first two

4     counts.

5          MS. NEWMAN:  Your Honor, there's a grouping.

6          THE COURT:  That's right.

7          MS. NEWMAN:  That's -- so that's what's happening.

8          THE COURT:  I apologize.  You're right.  You did

9     state that.  Thank you.

10          MS. NEWMAN:  And while we're on this and I anticipate

11     that Pretrial Services will point this out, apparently I am bad

12     at math because the third point only comes into play when

13     you're at a level 16 or higher.  The Government stands by its

14     calculation here, the calculation it agreed to, which is a 12,

15     although we anticipate that -- looking at it just now, I

16     anticipate Pretrial will come back with a 13 but the Government

17     will, again, recommend a 12 since that is its agreement.

18          (Brief pause in proceedings.)

19          THE COURT:  Mr. Carrico, does Ms. Newman's summary of

20     the Plea Agreement comply with your understanding of the

21     agreement?

22          MR. CARRICO:  It does, yes, Your Honor.

23          THE COURT:  Thank you.

24          Mr. Underhill, does Ms. Newman's summary of the

25     Plea Agreement comply with your understanding of the

Friday, June 14, 2013 - 2:12-cr-301-APG-CWH
_____                                        _____

18

1    Plea Agreement?

2             THE DEFENDANT:  Yes, sir.

3             THE COURT:  Do you understand that the Plea Agreement

4    is not binding upon the Court and that it's only a

5    recommendation, and that the Court can reject that

6    recommendation without permitting you to withdraw your guilty

7    plea?

8             THE DEFENDANT:  Yes, sir.

9             THE COURT:  And do you understand that if the Court

10   imposes a sentence that is more severe than you anticipate,

11   that does not give you the right to withdraw your guilty plea?

12            THE DEFENDANT:  Yes, sir.

13            THE COURT:  Ms. Newman mentioned that your

14   Plea Agreement includes the waiver of certain appeal rights.  I

15   want to cover those again with you and make sure you're still

16   in agreement.

17            In the Plea Agreement you knowingly and expressly

18   waive the right to appeal any sentence imposed that's within or

19   below the applicable sentencing guidelines as determined by the

20   Court; you knowingly and expressly waive the right to appeal

21   the manner in which the Court determined that sentence on the

22   grounds set forth in 18 U.S.C. Section 3742; and you knowingly

23   and expressly waive the right to appeal any other aspect of the

24   conviction or sentence and any order of restitution or

25   forfeiture.

Friday, June 14, 2013 - 2:12-cr-301-APG-CWH

19

1          Do you understand that you have those rights of

2    appeal?

3          THE DEFENDANT:  Yes, sir.

4          THE COURT:  And are you knowingly and voluntarily

5    waiving those rights of appeal?

6          THE DEFENDANT:  Yes, sir.

7          THE COURT:  Do you understand that your only right of

8    appeal would be if the sentence, which the Court renders, is

9    longer than the high end of the sentencing guideline, which

10   will be determined by the Court?

11         THE DEFENDANT:  Yes, sir.

12         THE COURT:  And do you understand that by entering

13   into the Plea Agreement, you're also waiving what we call

14   collateral challenges, to your conviction, to your sentence,

15   and to the procedure by which the Court adjudicated guilt and

16   imposed the sentence, including claims under 28 U.S.C. 2255,

17   except that you would retain the right to challenge for a claim

18   of ineffective assistance of counsel?  Do you understand all

19   that?

20         THE DEFENDANT:  Yes, sir.

21         THE COURT:  Do you have any question about the

22   meaning of anything in the Plea Agreement?

23         THE DEFENDANT:  I can't think of anything,

24   Your Honor.

25         THE COURT:  And do you fully understand all the terms

HEATHER K. NEWMAN, FOCR, RPR, CCR 774    (702)464-5828

Friday, June 14, 2013 - 2:12-cr-301-APG-CWH

20

1   of the Plea Agreement?

2           THE DEFENDANT:  Yes, sir.

3           THE COURT:  Has anyone made any promises to you other

4   than what's set forth in the Plea Agreement?

5           THE DEFENDANT:  No, Your Honor.

6           THE COURT:  Does the Plea Agreement represent the

7   entire understanding, the entire agreement you have with the

8   Government?

9           THE DEFENDANT:  Yes, sir.

10          THE COURT:  Did anyone -- I'm sorry.

11          And did you knowingly and voluntarily make that Plea

12  Agreement with the Government?

13          THE DEFENDANT:  Yes, sir.

14          THE COURT:  Ms. Newman, has the Government made any

15  prior plea offers that are more favorable to this defendant?

16          MS. NEWMAN:  No, Your Honor.  There was a prior plea

17  offer but it was less favorable.

18          THE COURT:  Do you agree with that, Mr. Carrico?

19          MR. CARRICO:  Yes.  Matter of degree but, that's

20  quite accurate, Your Honor.

21          THE COURT:  Mr. Underhill, were you aware that a

22  prior plea offer had been made?

23          THE DEFENDANT:  Yes, sir.

24          THE COURT:  And did you discuss that with your

25  attorney -- without giving me any details, did you discuss it

Friday, June 14, 2013 - 2:12-cr-301-APG-CWH

21

1   with your attorney?

2            THE DEFENDANT:  Yes, sir.

3            THE COURT:  And was your attorney able to answer all

4   your questions about that prior plea offer?

5            THE DEFENDANT:  Yes, sir.

6            THE COURT:  With regard to sentencing in this case,

7   has anybody made any promise to you as to what sentence the

8   Court will impose?

9            THE DEFENDANT:  No, sir.

10           THE COURT:  Has your attorney explained to you about

11  the sentencing guidelines and how he believes they may affect

12  your sentencing?

13           THE DEFENDANT:  Yes, sir.

14           THE COURT:  And do you understand that in deciding

15  your sentence, the Court will consider those sentencing

16  guidelines that have been established by the law?

17           THE DEFENDANT:  Yes, sir.

18           THE COURT:  And do you understand that those

19  guidelines are only advisory, and the Court is not bound to

20  follow those?

21           THE DEFENDANT:  Yes, sir.

22           THE COURT:  And do you understand that the Court

23  could impose a sentence upon you which is above or below the

24  sentencing guidelines?

25           THE DEFENDANT:  Yes, sir.

1          THE COURT:  And do you understand that regardless of

2   what your Plea Agreement provides, regardless of what the

3   attorneys argue, recommend or request, it's up to the Court to

4   decide what sentence you will receive?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  And do you understand that the Court will

7   not be able to determine that sentencing range under the

8   guidelines until after the Probation Office conducts an

9   investigation and issues a report?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  And do you understand that after that

12   process is over, the guidelines may have changed and the range

13   that's applicable to you may be different from the estimate

14   that your attorney has given you?

15          THE DEFENDANT:  Yes, sir.

16          THE COURT:  And do you understand if that's the case

17   and the guideline ranges have changed, that would not give you

18   the right to withdraw your guilty plea?  Do you understand

19   that?

20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  And do you understand that if the Court

22   gives you the maximum prison sentence of 20 years on the second

23   count -- on the third count and 5 years on each of the two

24   first counts, that would not give you the right to withdraw

25   your plea?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  And do you understand that the Court, in

3    determining the sentence, can take into account any relevant

4    conduct by you, regardless of this case or prior history?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  In your Plea Agreement, at Pages 4

7    through 6, you admit a number of facts that underlie the guilty

8    plea.  I'm not going to read them verbatim but I want to

9    summarize and make sure that you still agree with that.

10          Specifically, in your Plea Agreement you admit that

11    in or about 2010, the GSA, a federal agency, initiated an

12    investigation into alleged improprieties in the contract award

13    for janitorial services in the Lloyd George courthouse.  The

14    allegations included claims that you, who at the time were a

15    GSA assistant property manager responsible for overseeing the

16    courthouse, had an disclosed and improper relationship with

17    someone, initials L.V., who was an employee of Tried and True

18    Corporate Cleaning.

19          The GSA was investigating specific claims, that as a

20    result of the Tried and True's employee's decision to end the

21    relationship with you, you began giving Tried and True

22    unsatisfactory ratings which negatively impacted its bid to

23    renew its contract for janitorial services here at the

24    courthouse.  GSA was also investigating claims that you had

25    received financial payments and other benefits from contractors

24

1   working for GSA.

2            As part of GSA's investigation, Special Agent

3   Lisa DeMaria, Scott Mumper and Michael Ramos and Officer Steve

4   Novier of the Metropolitan Police Department interviewed you on

5   April 7th, 2011.  These agents asked you about your

6   relationship with L.V. and you replied that you never had a

7   relationship with L.V.

8            As further part of the investigation, the special

9   agents interviewed you again on May 26th, 2011.  They asked if

10  you had lived with L.V. and once again, you denied having a

11  relationship with L.V. and said that you never lived with her.

12           You also lied when you said that you had not been in

13  a relationship or lived with -- I'm sorry.  You also lied when

14  you said you had not been in a relationship or lived with L.V.

15  In truth, you had been in a relationship with L.V. from

16  approximately 2005 through 2007.  During the relationship, you

17  moved into L.V.'s house and lived with her and her mother.  You

18  and L.V. took steps to conceal the relationship because you

19  knew it to be improper.

20           You contacted L.V. prior to your April 7th, 2011,

21  interview with the special agents and you told her that if the

22  agents found out about your relationship with L.V., you would

23  be fired.  You told L.V. to deny everything to the special

24  agents.

25           On May 11th, 2011, you spoke to L.V. by telephone.

1    During that call you repeatedly told her to "stick to the

2    story" and denied that you had a romantic relationship -- I'm

3    sorry, and to deny that you had a romantic relationship if you

4    were asked by GSA.  You said "they have no proof" and you also

5    directed L.V. to tell them that you weren't living together.

6              You continued to contact L.V. by phone and by text

7    message over the next 14 months.  Messages included threats of

8    retaliation and public embarrassment if she cooperated with the

9    GSA's investigation.  In total, you sent her over 400 text

10   messages within a year.

11             On July 17th you contacted GSA Special Agent

12   Lisa DeMaria and asked her the status of the investigation and

13   whether you would be fired as a result of their findings.

14   Ms. DeMaria declined to provide the information.  You then

15   clarified that there was an early retirement program available

16   and that you would retire early if there was a possibility that

17   you would be fired as a result of the investigation.  The agent

18   replied that firing was a possible outcome if the investigation

19   uncovered wrongdoing on your part.

20             You submitted your paperwork for early retirement on

21   July 24th, 2012.  As a result, you were qualified for a 25,000

22   dollar one-time payment in addition to all the retirement

23   benefits as a Voluntary Separation Incentive Payment from the

24   Voluntary Early Retirement Authority.

25             Those are the facts set forth in your Plea Agreement

Friday, June 14, 2013 - 2:12-cr-301-APG-CWH

26

1    that you signed.

2            Are those facts true?

3            THE DEFENDANT:  Yes, sir.

4            THE COURT:  Does that accurately describe what you

5    actually did relative to the charge against you?

6            (Discussion between defendant and counsel.)

7            MR. CARRICO:  One moment, Your Honor.

8            THE COURT:  Yes, go ahead.

9            (Discussion between defendant and counsel.)

10           THE DEFENDANT:  Umm, Your Honor, they looked at the

11   bad marks but, I was told to give them the bad marks by my

12   boss.  Umm, that's why they received the bad marks.

13           THE COURT:  That's why who received the bad marks?

14           MR. CARRICO:  Tried and True Cleaning.

15           THE DEFENDANT:  Tried and True.

16           I was doing what my boss told me to do.

17           THE COURT:  I'll ask the Government, with that

18   clarification or modification, is the Government satisfied with

19   the factual basis for the plea of guilty provided in this case

20   by the defendant?

21           MS. NEWMAN:  Yes, Your Honor.

22           THE COURT:  Okay.

23           So then let me reask the question slightly.  As

24   you've just clarified or modified, does that accurately

25   describe what you actually did relative to the charge against

Friday, June 14, 2013 - 2:12-cr-301-APG-CWH

27

1    you?

2              THE DEFENDANT:  Yes.  Yes, Your Honor.

3              THE COURT:  Has anyone threatened you in order to get

4    you to enter a plea of guilty?

5              THE DEFENDANT:  No, sir.

6              THE COURT:  Is anyone forcing you in any way to enter

7    a plea of guilty?

8              THE DEFENDANT:  No, sir.

9              THE COURT:  Has anyone said to you if you do not

10   plead guilty, further charges will be brought against you or

11   some other adverse action will be taken against you?

12             THE DEFENDANT:  No, sir.

13             THE COURT:  Do you understand all of the possible

14   punishment consequences of your plea of guilty?

15             THE DEFENDANT:  Yes, sir.

16             THE COURT:  Is there any remaining question that you

17   would like to ask your attorney about privately before you

18   plead guilty to the charges against you?

19             THE DEFENDANT:  I can't think of any.

20             THE COURT:  Okay.  Then with regard to Counts One and

21   Two of the Indictment charging you with making False

22   Statements, how do you plead to those two charges?

23             THE DEFENDANT:  Guilty.

24             THE COURT:  And with regard to Count Three of the

25   Indictment charging you with Witness Tampering, how do you

Friday, June 14, 2013 - 2:12-cr-301-APG-CWH

28

1    plead to that charge?

2              THE DEFENDANT:  Guilty.

3              THE COURT:  And are you pleading guilty to those

4    charges because in truth and in fact you are guilty to these

5    charges and for no other reason?

6              THE DEFENDANT:  Yes, sir.

7              THE COURT:  It's the finding of the Court that the

8    defendant is fully competent and capable of entering into

9    informed pleas; that the defendant is aware of the nature of

10   the charges and the consequences of his guilty pleas; and that

11   his pleas of guilty are knowing and voluntary pleas supported

12   by an independent factual basis containing each one of the

13   essential elements of the offense.  The defendant's pleas are

14   therefore accepted and the defendant is now adjudicated guilty

15   of each of those three offenses.

16              Mr. Underhill, the Court will now order that a

17   Pre-Sentence Investigation and Report be prepared by the

18   Probation Office.  Once that reported is completed, your

19   counsel will be provided a copy.  You'll have an opportunity to

20   confer with your counsel about that report.  I strongly

21   encourage you to do so and let me know -- let your attorney

22   know if there are any errors in the report.

23              THE DEFENDANT:  Yes, sir.

24              THE COURT:  If there are any, he can then raise them

25   with the Probation Office and get those clarified to the extent

Friday, June 14, 2013 - 2:12-cr-301-APG-CWH

29

1    they can be.  I want you to do that because I'll be provided a

2    copy of the report after it's completed and I will look to that

3    and rely upon that in part when I impose sentence or when the

4    Court, whoever judge, whichever judge has the case at that

5    point, imposes sentence, so it's important that that report be

6    as accurate as possible.

7              Do you understand that?

8              THE DEFENDANT:  Yes, sir.

9              THE COURT:  At the time of sentencing, your counsel

10   will be able to speak to the Court on your behalf and you will

11   have the opportunity to address the Court on your behalf, if

12   you so choose to.

13             Do you understand all that?

14             THE DEFENDANT:  Yes, sir.

15             THE COURT:  Okay.  The matter is now referred to the

16   United States Probation Office for a Pre-Sentence Investigation

17   and Report and I'll ask our courtroom administrator for a date

18   and time for sentencing.

19             THE CLERK:  Sentencing will be held on Thursday,

20   September the 12th at 9:00 a.m.

21             THE COURT:  Thank you.

22             Is there anything further either counsel would like

23   to address to the Court at this point?

24             MR. CARRICO:  Nothing on behalf of Mr. Underhill,

25   Your Honor.

1          MS. NEWMAN:  And just briefly.  The defendant was --

2    has been on pretrial release and we'd ask to continue him on

3    release.  There was no weapons restriction.  We would ask to

4    modify to add a weapons restriction at this time.

5          The defendant voluntarily, actually, during this time

6    period, had friends holding his weapons for him.  We'd just ask

7    that we make that -- that we formalize that within the Court

8    that there be a weapons restriction added to the terms of his

9    release until sentencing.

10         THE COURT:  Mr. Carrico?

11         MR. CARRICO:  Your Honor, I don't believe I have a

12   legal objection.  The Court has accepted his guilty plea and I

13   believe under the statute he would be prohibited from having a

14   firearm at this time so, I'll direct him to dispose of those

15   weapons as soon as possible, according to whatever directions

16   Pretrial asks him.

17         THE COURT:  Okay.  And I'll agree to that -- impose

18   that additional condition upon supervised release at this point

19   in time, just to make it official for him.

20         MS. NEWMAN:  Thank you, Your Honor.

21         THE COURT:  Anything else we need to address?

22         MR. CARRICO:  No, Your Honor.

23         THE COURT:  Thank you.  Then, with that, we'll be in

24   recess.

25         Mr. Underhill, good luck to you.

HEATHER K. NEWMAN, FOCR, RPR, CCR 774    (702)464-5828

Friday, June 14, 2013 - 2:12-cr-301-APG-CWH

31

1          THE CLERK:  All rise.

2          (Proceedings adjourned at 11:37 a.m.)

3

4

5                              *   *   *

6   I hereby certify that pursuant to Section 753, Title 28,

7   United States Code, the foregoing is a true and correct

8   transcript of the stenographically reported proceedings held in

9   the above-entitled matter.

10

11

12   DATED:  7-29-2013            /s/ Heather K. Newman
                                  HEATHER K. NEWMAN
13                                U.S. Court Reporter
                                  CCR 774
14

15

16

17

18

19

20

21

22

23

24

25