# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br>         Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> STEVEN M. UNDERHILL, ) <br>         Defendant. ) | Case No. 2:12-cr-00301-APG-CWH <br><br> **ORDER** |

       This matter is before the Court on the United States Motion for Supplementary Proceedings (Examination of Judgment Debtor) (#60), filed January 14, 2014.[1]  The motion is unopposed.

       On or about June 11, 2013, Defendant Underhill ("Underhill") pled guilty to two counts of False Statement in violation of 18 U.S.C. § 1001 and one count of Witness tampering in violation of 18 U.S.C. §1512(b)(3).  *See* Plea Agreement (#35).   Underhill agreed that he would pay a special assessment of $100.00 at the time of sentencing for each count.  *Id*.  Underhill further agreed that "[b]efore or after sentencing, upon request by . . . the United States . . . the defendant will provide accurate and complete financial information, submit sworn statements, and/or give depositions under oath concerning his assets and his ability to pay" any fine, forfeiture, or restitution ordered by the Court.  *Id*.

       On October 2, 2013, Underhill was sentenced to five years of probation on each count to run concurrently.  *See* Judgment (#44).  Additionally, Underhill was given a $300.00 assessment ($100.00 per count as set forth in the plea agreement) and a $3,000.00 fine for a total monetary penalty of $3,300.00.  Payment of the penalty was due immediately or at the rate of no less than 10% of gross income during the term of supervised release.  On January 14, 2014, the United States

---

[1] Concurrent with the motion, the United States filed a certificate of service indicating that the motion was served on Defendant Steven Underhill via first-class mail.  *See* Cert. of Service (#61).

filed the instant motion requesting that Underhill appear before the undersigned Magistrate Judge for a judgment debtor examination pursuant to Fed. R. Civ. P. 69, 28 U.S.C. § 3015, and Nevada Revised Statute 21.270.  The United States further requests that Underhill be ordered to bring the following to the examination: (1) his three most recent federal income tax returns with their attachments; (2) copies of all personal and business financial statements concerning checking and savings accounts for the past twelve months; (3) copies of earnings statements for the past twelve months; and (4) copies of bills for the past twelve months.  The request is made because the judgment remains unpaid.

Except as otherwise provided, 28 U.S.C. § 3001 *et seq*. identifies "the exclusive civil procedures for the United States to recover a judgment on a debt." 28 U.S.C. § 3001(a)(1).  The term "'Judgment' means a judgment, order, or decree entered in favor of the United States in a court and arising from a civil or criminal proceeding regarding a debt." 28 U.S.C. § 3002(8).  In turn, the term "'Debt' means . . . an amount that is owing to the United States on account of a . . . fine [or] assessment . . . ." 28 U.S.C. § 3002(3)(B).  A "Debtor" is any "person who is liable for a debt or against whom there is a claim for a debt." 28 U.S.C. § 3002(4).  Subject to exceptions not applicable here, "the United States may have discovery regarding the financial condition of the debtor in the manner in which the discovery is authorized by the Federal Rules of Civil Procedure in an action on a claim for a debt." 28 U.S.C. § 3015(a).  Based on the record, the Court finds that all of the prerequisites necessary to trigger discovery under section 3015(a) have been met.

Federal Rule of Civil Procedure 69 provides that the procedure regarding "proceedings supplementary and in aid of judgment or execution–must accord with the procedure of the state where the court is located." *See* Fed. R. Civ. P. 69(a)(1).  Rule 69 further provides that "[i]n aid of judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person–including the judgment debtor–as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2).  The scope of post-judgment discovery is broad and the judgment-creditor is permitted to make a broad inquiry to discover any hidden or concealed assets of a judgment-debtor. *1st Technology, LLC v. Rational Enterprises, LTDA*, 2007 WL 5596692 *4 (D. Nev.) (citation omitted).  Rule 69 permits a

judgment creditor to obtain post-judgment discovery pursuant to the procedures set forth in the Federal Rules of Civil Procedure or pursuant to state law. *Id.* Under Nevada law:

> A judgment creditor, at any time after the judgment is entered, is entitled to an order from the court requiring the judgment debtor to appear and answer upon oath or affirmation concerning his or her property, before:
>
> (a) The judge or a master appointed by the judge; or
>
> (b) An attorney representing the judgment creditor,
>
> at a time and place specified in the order. No judgment debtor may be required to appear outside the county in which the judgment debtor resides.

*See* Nevada Revised Statutes ("NRS") 21.270(1).

The requested judgment-debtor exam is authorized under the aforementioned law. Under normal circumstances, the undersigned would express no view regarding the several categories of documents the United States requests that Underhill bring to the examination, except to say that such requests must conform to the Federal Rules or "the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2); *see also Alcalde v. NAC Real Estate Investments & Assignments, Inc.*, 580 F. Supp. 2d 969, 971 (C.D. Cal. 2008) ("The judgment creditor may also propound discovery to the judgment debtor, including requests for production and/or inspection of documents."). However, in this instance, Underhill agreed as part of his plea agreement that, upon request by the United States, he would "provide accurate and complete financial information, submit sworn statements, and/or give depositions under oath concerning his assets and his ability to pay" any fine, forfeiture, or restitution ordered by the Court. *See* Plea Agreement (#35).

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that United States' Motion for Supplementary Proceedings (Examination of Judgment Debtor) (#60) is **granted**.

**IT IS FURTHER ORDERED** that Defendant Steven M. Underhill shall appear before the undersigned United States Magistrate Judge, Courtroom 3C, Lloyd D. George United States Courthouse, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101, on **Wednesday, March 5, 2014 at 9:00 AM** to then and there answer questions under oath regarding Defendant's assets and means of paying the judgment in this matter and for such other proceedings as there may occur

consistent with proceedings supplementary to execution.

**IT IS FURTHER ORDERED** that Defendant Steven M. Underhill shall refrain from effectuating any transfer of or interference with any of his property that is not exempt from execution.

**IT IS FURTHER ORDERED** that the United States shall serve a copy of this order upon Defendant Underhill at least **fourteen (14)** calendar days before the hearing scheduled herein and file proof of service with the Court.

DATED: February 3, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**